IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL B. KYLE | * | |
|     Plaintiff | | |
| v. | * | CIVIL ACTION NO. CCB-12-1639 |
| UNITED STATES DEPARTMENT OF EDUCATION | * | |
|     Defendant | * | |
| | *** | |

MEMORANDUM

On June 4, 2012, plaintiff, a resident of Baltimore, Maryland, filed a complaint against the U.S. Department of Education ("DOE") claiming that on April 9, 2012, he mailed a Freedom of Information Act ("FOIA") request to defendant. He does not specifically identify what information he is seeking. He contends that someone from the DOE signed for the envelope on April 12, 2012, but he has not received a response as of the May 31, 2012 signature date of the complaint. ECF No. 1 at p. 2. Plaintiff asserts that defendant's inaction violates the dictates of Title 5 § 552(a)(6)(A)(i). He seeks $50,000.00 in damages along with injunctive relief to "make the [DOE] stop garnishing or levying my social security disability payments until they come in compliance with the law." *Id*. at p. 3. Because he appears indigent, plaintiff's motion for leave to proceed in forma pauperis shall be granted. *See* ECF No. 2.

Under the FOIA, federal agencies are required upon request to promptly make available records where the request reasonably describes the records requested and is made in accordance with published rules. *See* 5 U.S.C. § 552(a)(3)(A). The FOIA provides a mechanism for citizens to obtain documents from federal agencies, and grants the federal district courts jurisdiction to review agency compliance with those requests.

In this case, the complaint, as written, does not provide sufficient information to determine

whether the DOE should be required to file an answer.  There is nothing in the pleadings now before the court detailing what specific records were sought by plaintiff.   Plaintiff will therefore be required to supplement his complaint with a copy of his request if possible, or a description of the information sought from the DOE and the garnishment he complains of.   If he has received any communication from the DOE in response to his request other than the signed receipt that should be described as well.

      Plaintiff is forewarned that his failure to supplement his complaint as indicated will result in the dismissal of this action without further notice from this court.  A separate Order follows.

Date: July 30, 2012                                             /s/
                                                                   Catherine C. Blake
                                                                   United States District Court Judge