IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL B. KYLE | : | |
| | : | |
| v. | : | Civil No. CCB-12-1639 |
| | : | |
| UNITED STATES DEPARTMENT OF EDUCATION | : | |

## **MEMORANDUM**

Plaintiff Samuel B. Kyle has brought suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), seeking records from defendant United States Department of Education ("DOE"). DOE has filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 10). For the reasons set forth below, the motion will be granted.

A FOIA requester is entitled to agency records only after he or she has complied with agency regulations for filing and processing a request. 5 U.S.C. § 552(a)(3)(A); *see also Strunk v. U.S. Dep't of State*, 693 F. Supp. 2d 112, 114 (D.D.C. 2010).  This court has subject matter jurisdiction over a FOIA claim only if an agency has "(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Thus, an agency has not "improperly" withheld records, and this court has no jurisdiction, where a requester has not complied with agency regulations.

DOE has promulgated FOIA regulations under 34 C.F.R. § 5.1 *et seq.*. These regulations require that a FOIA requester transmit the request "to the Department as indicated on the Department's Web site." 34 C.F.R. § 5.20(a). If a FOIA request seeks "records pertaining to the requester," under DOE's Privacy Act regulations, the request must include verification of the requester's identity. 34 C.F.R. §§ 5.20(d), 5b.5.

In the present case, Mr. Kyle failed to submit his FOIA request to the address listed on DOE's FOIA website as required by 34 C.F.R. § 5.20(a). (*See* Supplement to Complaint, ECF No. 6.) This delayed receipt of his request considerably, but DOE has now, nonetheless, commenced processing. (*See* Decl. of Gregory Smith, ECF No. 10-2, ¶¶ 6-8.) Furthermore, because Mr. Kyle's FOIA request seeks personal information, in the interest of protecting his privacy, DOE's regulations require that he submit a verification of his identify, which he was contacted about on October 4, 2012 by DOE. (*Id.* ¶ 8.) DOE will continue processing his request once this verification is received. (*Id.*)

Because Mr. Kyle has not yet fully complied with DOE regulations, and DOE has not been given the opportunity to process this request, DOE has not "improperly withheld" records responsive to Mr. Kyle. Accordingly, this court does not have jurisdiction over his claim at this time and Mr. Kyle's claim will be dismissed without prejudice.

November 9, 2012            /s/
Date            Catherine C. Blake
           United States District Judge